UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SONIA KUESSNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-CV-57-AGF |
| | ) | |
| JUSTIN WOOTEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sonia Kuessner's Motion to Amend Judgment, Reconsider, and Supplement Material Facts (ECF No. 44), filed pursuant to Federal Rule of Civil Procedure 59(e).[1] Plaintiff asks the Court to reconsider its December 26, 2018, Memorandum and Order (ECF No. 42), which granted Defendant Justin Wooten's motion for summary judgment on Plaintiff's 42 U.S.C. § 1983 action challenging her arrest for driving while intoxicated ("DWI") .

The Court held that, even if Defendant lacked actual probable cause for the arrest, a reasonable officer looking at the entire legal landscape at the time of the arrest could have interpreted the law as permitting the arrest. Thus, Defendant had arguable probable

---

[1] Plaintiff has also filed a Motion to Supplement Statement of Facts with Correct Exhibit (ECF No. 54), in which she states that she inadvertently attached the wrong exhibit as Exhibit 5 in support of her motion to amend, and she requests to supplement the record with the correct exhibit. The Court will grant this motion.

1

cause and was entitled to qualified immunity. Upon careful consideration, the Court will deny Plaintiff's motion to reconsider this holding.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

In her motion, Plaintiff argues that the Court improperly took as true Defendant's statement of fact in support of his motion for summary judgment that Defendant smelled alcohol on Plaintiff's breath. Plaintiff contends that she disputed this fact, and in support of her denial, she cited the deposition testimony of another officer, Toby Haynes, who encountered Plaintiff as a passenger at a traffic stop hours prior to her arrest, and who stated that he did not smell alcohol on Plaintiff. ECF Nos. 35 at 10 & 35-1 at 2. Plaintiff admitted that, in her own deposition, she testified that she did not know whether her breath smelled of alcohol at the time of the arrest but agreed that, in light of the fact that she had a couple of drinks that night, it was "possible" that she did smell of alcohol. ECF Nos. 35 at 10 & 36-6 at 3.

Plaintiff also seeks to offer new evidence, pursuant to Federal Rule of Civil Procedure 56(e)(1), which she contends highlights Defendant's lack of credibility.

Specifically, Plaintiff seeks to offer a deposition taken of Defendant on December 5, 2018, in a different case. The other case is a § 1983 action brought by Mitch Wood, the driver of the car in which Plaintiff was a passenger during the traffic stop hours before her arrest, and the individual whom Plaintiff was coming to pick up from the Scott County Sheriff's Office when she was arrested by Defendant. In the deposition, Defendant asserted his Fifth Amendment right not to incriminate himself in response to questioning regarding whether he forged the signature of Officer Haynes in a probable cause affidavit in connection with Wood's arrest.

Plaintiff further notes that other evidence of record in this case has demonstrated Defendant's lack of credibility. Specifically, Plaintiff points to several misrepresentations that Defendant allegedly made in an "Alcohol Influence Report" that he completed when he arrested Plaintiff. These misrepresentations include Defendant's statements that he observed Plaintiff operating a vehicle when he did not; that the smell of alcohol on Plaintiff was "moderate" when he later admitted that it was only "faint"; and that he performed several field sobriety tests prior to arrest when he did not perform these tests until after making the arrest. Finally, Plaintiff notes that it was known to Defendant at the time of Plaintiff's arrest that "the then Sheriff of Scott County, Missouri was having an affair with Mr. Wood's then estranged wife" (ECF No. 45 at 4), suggesting an improper motive for Wood's and Plaintiff's arrests. Plaintiff argues that this evidence casts substantial doubt on Defendant's credibility with respect to the facts Defendant claims to have observed prior to Plaintiff's arrest.

In response, Defendant argues that all of the "new evidence" presented by Plaintiff was known to Plaintiff prior to the entry of judgment and could have been presented at that time. Defendant further argues that the evidence is irrelevant and should not affect the Court's finding that Defendant had at least arguable probable cause based on the undisputed facts in the summary judgment record.

As the Court previously held, Plaintiff's claim presents a close question, and the Court expresses no opinion as to whether Defendant had actual probable cause. But the lack of relevant caselaw finding no probable cause under similar circumstances continues to convince the Court that Plaintiff has not demonstrated the violation of a clearly established constitutional right so as to defeat Defendant's claim of qualified immunity. *See District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018); *Morgan v. Robinson*, No. 17-1002, slip op. at 4 (8th Cir. Mar. 29, 2019) (en banc). Plaintiff's new evidence attacking Defendant's credibility does not change the analysis because the Court considered only undisputed facts in deciding that arguable probable cause existed, and, in light of the existence of arguable probable cause, any ulterior motive on the part of Defendant is irrelevant. *See Peterson v. Kopp*, 754 F.3d 594, 599 (8th Cir. 2014).

The only dispute of fact that Plaintiff now relies on is whether Defendant smelled alcohol on Plaintiff prior to the arrest. But even assuming that Defendant did not smell alcohol on Plaintiff,[2] the lack of relevant caselaw finding a Fourth Amendment violation

---

[2] In its Memorandum and Order granting Defendant qualified immunity, the Court assumed that any smell of alcohol on Plaintiff was "faint." ECF No. 42 at 9.

under similar circumstances continues to convince the Court that Defendant is entitled to qualified immunity. *See Wesby*, 138 S.Ct. at 590.

It remains undisputed that, immediately before her arrest, Plaintiff admitted to having had a "couple of drinks" in response to questioning regarding her sobriety, her eyes were bloodshot, and she refused to take a preliminary breath test ("PBT"). Other federal courts have held that a suspect's statement that he "had one beer three hours ago" provided a police officer with at least arguable reasonable suspicion to request to conduct field sobriety tests, *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008), and that such suspicion develops into probable cause by a suspect's refusal thereafter to submit to a PBT, *Miller v. Harget*, 458 F.3d 1251, 1260 (11th Cir. 2006); *see also Wilder v. Turner*, 490 F.3d 810, 815 (10th Cir. 2007); *but see Kent v. Katz*, 312 F.3d 568, 570-71, 576-77 (2d Cir. 2002) (denying qualified immunity for DWI arrest based on factual disputes, where the suspect refused to take a sobriety test, but the only undisputed indicia of intoxication relied upon by the officer were the suspect's red eyes, explained by the suspect to the officer to be due to the suspect recently burning brush on his property for several days, and a sarcastic statement by the suspect that he had not drank "very much" alcohol after having initially denied drinking any alcohol).

On this record, the Court still concludes that, although the question is difficult, existing precedent does not place the lawfulness of Plaintiff's arrest "beyond debate," as required to "clearly establish" the constitutional violation here. *See Wesby*, 138 S. Ct. at 590; *Morgan*, slip op. at 4. Thus, the Court declines to alter or amend its judgment

granting Defendant qualified immunity.

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Motion to Supplement Statement of Facts with Correct Exhibit is **GRANTED**. ECF No. 54.

**IT IS FURTHER ORDERED** that Plaintiff Motion to Amend Judgment, Reconsider, and Supplement Material Facts is **DENIED**. ECF No. 44.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2019.